IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERE GENGENBACH, | § | CASE NO. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | ORIGINAL COMPLAINT |
| MICHAEL'S MOTORCARS, INC., | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff Jere Gengenbach files this Original Complaint and respectfully would show the Court as follows:

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the District.

## II.   PARTIES

3. Plaintiff Jere Gengenbach is an individual who resides in Madison County, Texas.

1

4. Defendant Michael's Motorcars, Inc. is a New Jersey corporation with its principal office in Neptune Township, New Jersey. Defendant may be served with summons via its registered agent, Michael Graubart, 1207 NJ 35, Neptune City, NJ 07753.

### III.     BACKGROUND

5. Defendant is a used car dealer in New Jersey.

6. In or around March 2024, Defendant listed a 2006 Pleasure Way Excel TS Motorhome, a Class B motorhome built on a Ford E350 Econoline chassis, VIN number the above referenced 2006 Pleasure-Way Excel TS Class B motorhome built on a Ford E350 Econoline chassis, VIN No. 1FDSE34L86HB33661 (the "Vehicle") for sale on the auction site, bringatrailer.com (the "Site"). **Exhibit 1**.

7. Plaintiff expressed an interest in the Vehicle and viewed the photographs posted on the Site, as well as comments and questions asked by other potential buyers. During the time in which Plaintiff was looking at the Vehicle, there were various questions asked by other potential buyers and Defendant made representations regarding the Vehicle's condition in response to inquiries. For instance, on March 7, 2024, at approximately 1:18pm, Defendant stated that the Vehicle was "[s]tored in Climate Controlled garage since new," and was "purchased from the son of the original owner." Defendant also claimed that "everything appears to be working fine . . . ." Exhibit 1, p. 37. On that same date, a potential buyer asked if the Vehicle had a 2 or 3 valve engine. Exhibit 1, p. 37. This question was not immediately answered. However, on March 11, 2024, Defendant replied and stated that "they are all two valve." Exhibit 1, p. 30.

8. Also on March 11, 2024, in response to an inquiry about a water stain, Defendant claimed the Vehicle showed "no sign of any leaks." Exhibit 1, p. 26. On that same day, Defendant asked another potential buyer to contact it outside the Site, a violation of the Site's terms and conditions. Exhibit 1, p. 27. All communications were to occur on the Site so answers and representations could be seen by all users.

9. On March 13, 2024, Defendant stated that "this van was well cared for, and the owner we bought it from stated his father was very meticulous with it." Exhibit 1, p. 25. Defendant claimed in videos that "all systems are in working order." Later, Defendant noted that the only thing that was not working on the Vehicle was the ceiling vent fan and stated that the Vehicle "is as close to 'as New" condition [as] possible and was in immaculate condition. Exhibit 1, p. 16.

10. Defendant's representations regarding the condition of the vehicle (which included carefully edited photographs) included that the Vehicle was "immaculate," in like new condition, did not leak, and had all systems functioning. Based on these representations, Plaintiff made an offer and agreed to purchase the Vehicle for $45,444.00 on March 14, 2024. Exhibit 1, p. 1. The payment was wired to Defendant on March 15, 2024.

11. After wiring the payment amount, Plaintiff began working to have the Vehicle delivered to his home in Texas. On the Site, Defendant stated that it was happy to assist with shipping. However, when Plaintiff's shipping service attempted to pick up the Vehicle, Defendant refused to move it to a more accessible location for the shipping service.

As a result, Plaintiff was charged an additional $300.00 because of the difficulty in accessing the location.

12. Despite its duty to deliver the title to the Vehicle to Plaintiff in a reasonable amount of time, Defendant held the title and attempted to force Plaintiff to sign a Bill of Sale and other documents as if the vehicle had been purchased at the dealership. However, the purchase of the vehicle was completed entirely via the Site and the Site's terms and conditions govern the sale.

13. On April 30, 2024, Plaintiff, in desperate need of the title that Defendant was holding, signed a Bill of Sale under duress. **Exhibit 2**. Defendant refused to provide the Vehicle's title until the document was signed. Plaintiff noted on the document that he was signing under duress by adding "UD" above his signature. Exhibit 2. In addition, Plaintiff refused to sign as requested on a line drawn in yellow beneath a stamp saying that he was accepting the vehicle "as is." Exhibit 2. Plaintiff refused to sign any of the other documents presented by Defendant.

14. After receiving delivery of the Vehicle, Plaintiff was appalled to find that the Vehicle was not immaculate or like new, but had significant damage that was not disclosed, and in some cases actively misrepresented, by Defendant. The damages to the Vehicle include but are not limited to the following:

- Broken/inoperable awning
- Extensive lichen growth on the Vehicle roof
- Lesser lichen growth on other parts of the Vehicle exterior

- Exterior molding all the way around the Vehicle leaks
- Evidence of water damage to most, if not all, cabinets and storage
- Mouse droppings in cabinets and storage
- Apparent urine stains in overheard cabinet
- Water stains throughout vehicle interior
- Sun faded carpet
- Delamination of multiple walls because of water damage
- Stains and mouse dropping on interior carpet
- Cigarette burns on the sofa
- Mouse droppings and hair inside the exterior access panels
- The generator does not work
- The generator battery had almost no water and was not functional
- Rust and other evidence of water damage on the interior water pump
- New caulking in several places indicating recent leaks

Plaintiff documented all the above issues with photographs and/or video. **Exhibit 3** (selected photos).

15. The cost of repairing the issues which were misrepresented or not disclosed is significant. Had the condition of the Vehicle been honestly represented, Plaintiff would not have purchased the Vehicle. Plaintiff relied on Defendant's knowing and intentional misrepresentations in entering into the agreement to purchase the Vehicle.

16. In addition, Defendant's actions after the sale were also improper. Defendant refused to provide title to the Vehicle in a reasonable amount of time. Defendant demanded that Plaintiff sign various unnecessary documents. Defendant also refused to sign the Application of Texas Title and/or Registration Plaintiff needed signed to register the Vehicle in Texas. Moreover, Defendant refused to provide title until Plaintiff signed the Bill of Sale and attempted to force Plaintiff to sign an acknowledgment that he was accepting the Vehicle "as-is." Plaintiff refused to sign on the yellow line for his signature below the stamped "as-is" language and only signed the Bill of Sale when it became apparent that Defendant would not release the title until he signed.

17. Defendant's delay in providing title to Plaintiff resulted in additional cost when registering the Vehicle.

18. Since the Vehicle was delivered, it has only been driven approximately 40 or 50 miles to have it inspected after the purchase. Rather than being usable, the Vehicle has been stored in a commercial shop taking up space needed for other vehicles.

### IV.     CAUSES OF ACTION

### COUNT 1
**Violation of Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA")**

19. Plaintiffs incorporate by reference the above background as if set forth fully herein.

20. In violation of Chapter 17.46(b)(5) of the Texas Business & Commerce Code, Defendant represented that the Vehicle had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which it did not have.

21. In violation of Chapter 17.46(b)(7) of the Texas Business & Commerce Code, Defendant represented that the Vehicle was of a particular standard, quality, or grade, and was of a particular style or model, when it was of another.

22. In violation of Chapter 17.46(b)(13) of the Texas Business & Commerce Code, Defendant knowingly made false or misleading statements of fact concerning the Vehicle's need for parts, replacement, or repairs.

23. In violation of Chapter 17.46(b)(22) of the Texas Business & Commerce Code, Defendant represented that work or services had been performed on, or parts replaced in, the Vehicle when the services were not performed or parts replaced.

24. In violation of Chapter 17.46(b)(24) of the Texas Business & Commerce Code, Defendant failed to disclose information concerning the Vehicle which it knew at the time of the transaction and such failure was intended to induce Plaintiff into the transaction which Plaintiff would not have entered had the information been disclosed.

25. Defendant's violations of the DTPA were the producing cause of both economic and mental anguish damage to Plaintiff.

26. Because Defendants violations of the DTPA were both committed knowingly and intentionally, Defendant is liable to Plaintiff for three times his economic and mental anguish damages.

## COUNT 2
**Common Law Fraud**

27. Plaintiffs incorporate by reference the above background as if set forth fully herein.

28. Under Texas common law, a person commits fraud when they knowingly or recklessly make a material false representation, intending for another to rely on that representation, and enticing the other party into a transaction.

29. Defendant knowingly or recklessly made material false representations regarding the condition of the Vehicle with the intent that Plaintiff rely on the representations and purchase the Vehicle.

30. Plaintiff suffered injury as a proximate result of Defendant's fraud.

## COUNT 3
**Fraudulent Inducement**

31. Plaintiffs incorporate by reference the above background as if set forth fully herein.

32. Under Texas common law, a claim for fraudulent inducement exists where a party makes a material misrepresentation, which was known to be false or made without knowledge of its truth and intended the inducement to cause reliance by the injured party.

33. Defendant made material false representations regarding the condition of the Vehicle which Defendant knew were false.

34. Defendant made these false representations with the intent to induce Plaintiff to rely on the representations and purchase the Vehicle.

35. Plaintiff suffered injury as a proximate result of Defendant's fraudulent inducement.

## COUNT 4
### Negligent Misrepresentation

36. Plaintiffs incorporate by reference the above background as if set forth fully herein.

37. Under Texas common law, a claim for negligent misrepresentation exists where (1) a person makes a false material representation knowing that the representation is false or makes the representation recklessly without any concern for its truth, (2) the person making the representation intends that another person act in reliance on the representation, and (3) the other person actually and properly relies on the representation and is damaged.

38. Defendant made material false representations regarding the condition of the Vehicle and knew the representations were false or made the representations recklessly without concern for the truth.

39. Defendant made the false representations with the intent that Plaintiff rely on them and purchase the Vehicle.

40. Plaintiff actually and properly relied on the representations, purchased the Vehicle, and suffered injury as a result.

## V.      DAMAGES

### Actual Damages

41. As a result of Defendant's actions, Plaintiff has suffered actual damages of

approximately $47,444.00. These damages are the cost of the Vehicle and shipping costs which are likely less than the cost to properly repair the numerous undisclosed issues with the Vehicle.

## Exemplary Damages

42. Plaintiff is entitled to exemplary damages for his causes of action for fraud and fraudulent inducement. Plaintiff is entitled to additional damages because of Defendants' violation of the DTPA.

## Treble Damages under DTPA

43. Because Defendant knowingly committed false, misleading, or deceptive acts, Plaintiff is entitled to recover three times his actual damages.

## Mental Anguish Damages

44. As a result of Defendant's actions, Plaintiff has suffered a high degree of mental pain and distress such that there has been a substantial disruption in his daily routine. As a result, he is entitled to damages for mental anguish. And because Defendant acted intentionally, Plaintiff is entitled to three times his damages for mental anguish pursuant to the DTPA.

## Attorney Fees

45. Under Texas Business & Commerce Code §§17.50(d), Plaintiff is entitled to recover his necessary and reasonable attorney fees and court costs.

## VI. JURY DEMAND

46. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury and has tendered the appropriate fee.

## VII. CONCLUSION

For the reasons set forth above, Plaintiff Jere Gengenbach respectfully asks the Court to find Defendant liable on all causes of action and award Plaintiff the following:

1. Three times Plaintiffs' actual damages in the amount of $142,332.00 ($47,444 x 3);
2. Exemplary Damages in the amount of $10,000.00;
3. Three times Plaintiffs' mental anguish damages in the amount of $15,000.00 ($5,000 x 3);
4. Reasonable and necessary attorney fees and costs of court in the amount to be proven at trial; and
5. All other and further relief to which Plaintiff is entitled.

Dated November 24, 2025.

Respectfully submitted,

By: /s/ Mark E. Smith
Mark E. Smith, Attorney-in-Charge
State Bar No. 24070639
Federal Bar No. 1107457
msmith@bn-lawyers.com
Kelly G. Combs
State Bar No. 24126647
Federal Bar No. 3872591
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
Tel: (512) 476-9103
Fax: (512) 279-0310
**ATTORNEYS FOR PLAINTIFF**